[Dkt. No. 23]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### Camden Vicinage

_____
                               :
UNITED STATES OF AMERICA,       :
                               :
          v.                    : Crim. No. 12-468 (RMB)
                               :
RICHARD JONES                   : **OPINION**
_____:

This matter comes before the Court upon Defendant Richard
Jones', thorough his counsel, Motion to Reduce Sentence pursuant
to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i)
(compassionate release) Dkt. No. 23.  Defendant Jones is
currently serving his sentence at FCI Gilmore in Glenville, West
Virginia, with a projected release date of June 26, 2023.  The
Court having considered the parties' submissions, and for the
reasons discussed below, denies the Motion.

On July 12, 2012, Jones pled guilty to Bank Robbery by
Force or Violence in violation of 18 U.S.C. § 2113(a) and 18
U.S.C. § 2.  On March 20, 2013, the Court sentenced Defendant to
151 months, with a three-year term of supervised release, and a
fine of $10,000.

In support of his Motion, Defendant seeks compassionate
release from prison because of the declining health of his
mother and sister.  As set forth in the Defendant's brief, the

1

Defendant's 84-year-old mother currently suffers from dementia. His 54-year-old sister fell and injured her back in 2017, which subsequently necessitated back surgery and has caused her ongoing pain and difficulties.  She is currently the sole caretaker of his mother.  Mr. Jones respectfully submits that his family is suffering from extraordinary and compelling conditions that warrants his early release to alleviate his families suffering.

The Government responds that Defendant does not satisfy the "extraordinary and compelling" standard for release.  The "family circumstances" basis for compassionate release specifically applies to "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C).  The Defendant's mother and sister fall into neither category.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, <u>Dillon v. United States</u>, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary

2

and compelling reasons" to reduce a sentence.  The statute
provides, in relevant part, that:

> (A) the court, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant
> after the defendant has fully exhausted all
> administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the defendant's
> behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or
> supervised release with or without conditions that
> does not exceed the unserved portion of the original
> term of imprisonment), after considering the factors
> set forth in section 3553(a) to the extent that they
> are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such
> a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added).  As such, under
> the FSA, a defendant seeking a reduction in his term
> of imprisonment bears the burden of establishing both
> that he has satisfied (1) the procedural prerequisites
> for judicial review, and (2) that compelling and
> extraordinary reasons exist to justify compassionate
> release.

This Court may only grant a motion for reduction of
sentence under the FSA if it was filed "after the defendant has
fully exhausted all administrative rights to appeal a failure of
the Bureau of Prisons to bring a motion on the defendant's
behalf" or after 30 days have passed "from the receipt of such a
request by the warden of the defendant's facility, whichever is
earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v.
Raia, 954 F.3d 594 (3d Cir. 2020).  This is a statutory
requirement that this Court may not waive.  See, e.g., Raia,

2020 WL 1647922 at *2; <u>Massieu v. Reno</u>, 91 F.3d 416, 419 (3d
Cir. 1996); <u>Ross v. Blake</u>, 136 S. Ct. 1850 (2016).

Defendant has exhausted his administrative remedies.
<u>United States v. Raia</u>, 954 F 3.d 594 (3d Cir. 2020).  The Court,
thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain
circumstances, once the exhaustion requirement has been
satisfied as it has here, grant a defendant's motion to reduce
his term of imprisonment "after considering the factors set
forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i)
"extraordinary and compelling reasons warrant such a reduction,"
and (ii) "such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission." 18 U.S.C. §
3582(c)(1)(A)(i).  The Defendant bears the burden to establish
that he is eligible for a sentence reduction.  <u>United States v.
Jones</u>, 836 F.3d 896, 899 (8th Cir. 2016); <u>United States v.
Green</u>, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement
addressing reduction of sentences under § 3582(c)(1)(A). As
relevant here, the policy statement provides that a court may
reduce the term of imprisonment after considering the § 3553(a)
factors if the Court finds that (i) "extraordinary and
compelling reasons warrant the reduction;" (ii) "the defendant
is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

    (I)   suffering from a serious physical or medical condition,

    (II)  suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

          that substantially diminishes the ability of the defendant to provide self-care within the

---

[1] The policy statement refers only to motions filed by the BOP Director.  That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012).  In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

> environment of a correctional facility and from
> which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets
out other conditions and characteristics that qualify as
"extraordinary and compelling reasons" related to the
defendant's age and family circumstances. Id. § 1B1.13, cmt.
n.1(B)-(C).  The note recognizes the possibility that BOP could
identify other grounds that amount to "extraordinary and
compelling reasons."  Id. § 1B1.13, cmt. n.1(D)

The Defendant seeks compassionate release from prison
because of the declining health of his mother and sister. The
Defendant asserts that, if released, he will care for his mother
and sister.  Although very unfortunate, the medical difficulties
faced by the Defendant's family members are not an extraordinary
and compelling reason to justify the Defendant's compassionate
release. The "family circumstances" basis for compassionate
release specifically applies to "[t]he death or incapacitation
of the caregiver of the defendant's minor child or minor
children" or "[t]he incapacitation of the defendant's spouse or
registered partner when the defendant would be the only
available caregiver for the spouse or registered partner."
U.S.S.G. § 1B1.13, *cmt*. n.1(C). The Defendant's mother and
sister fall into neither category. As such, this basis for
compassionate release is inapplicable here.

6

Case 1:12-cr-00468-RMB   Document 26   Filed 02/10/21   Page 7 of 8 PageID: 124


Moreover, even if the Court were to consider the conditions of the Defendant's mother and sister under the "catch-all" provision, U.S.S.G. § 1B1.13 *cmt*. n.1(D), this nevertheless fails to present an extraordinary or compelling reason justifying release. With respect to Jones' mother, as has been recognized by courts, "[m]any if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." United States v. Ingram, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019).

The Defendant's sister's conditions are also no doubt very challenging, but they do not rise to the level of an extraordinary or compelling reason to justify the Defendant's release. See, e.g., United States v. Doolittle, 2020 WL 4188160 (D.N.J. July 21, 2020. The Court thus finds that Defendant has not established an extraordinary or compelling reason to justify his compassionate release.

The Court also finds that Defendant has failed to demonstrate that he merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors. First, a reduction would fail to "reflect the

seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a).

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction.  As set forth in the Government's opposition, the Defendant has a troubled criminal history.  He has spent much of his life committing crimes, including serious violent crimes and narcotics offenses.  The Court has little confidence that he will abide by conditions of release.  Rather, although he claims he has been rehabilitated, the Court is unwilling to take the risk when it considers the need to protect the public.  For similar reasons, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence. The Court recognizes the concerns raised by Defendant as to his family's medical conditions and has weighed those factors as well but in its final analysis, the Court has reviewed the record, and given the time remaining on the Defendant's sentence and cannot find that the §3553(a) factors warrant his release. Rather, they counsel in favor of continued incarceration.

The Motion is therefore DENIED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: February 10, 2021

8